**William B. HOFFMAN, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner Social Security Administration, Defendant—Appellee.**

No. 06–35078.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2008.\*\*

Filed Feb. 12, 2008.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**624**

David B. Lowry, Esq., Law Offices of David B. Lowry, Portland, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., David M. Blume, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM ***

William B. Hoffman appeals the district court's order affirming the Commissioner of Social Security's denial of his application for Title II disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's judgment affirming the Commissioner's denial of benefits de novo. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). We affirm.

The Administrative Law Judge (ALJ) did not err when he determined that Hoffman's mental impairments were not severe. *See* 20 C.F.R. §§ 404.1520(c).

■ The ALJ properly discredited Dr. Ogisu's opinion that was unsupported by the record. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir.2004). Further, Dr. Bang's controverted opinion was properly rejected for specific and legitimate reasons that were supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995).

■ The ALJ properly found Hoffman not credible by giving specific, clear, and convincing reasons supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). However, the ALJ did not set forth sufficient reasons to discredit Hoffman's lay witness. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993). Despite this, even if the testimony is taken as true, substantial evidence still supports the finding of no disability. *See Schneider v. Comm'r of Soc. Sec. Admin.*, 223 F.3d 968, 975 (9th Cir.2000).

■ The ALJ properly considered the effects of Hoffman's mental impairments

when evaluating his residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545. The ALJ's failure to consider Hoffman's obesity in relation to his RFC was proper because Hoffman failed to show how his obesity in combination with another impairment increased the severity of his limitations. *Cf. Burch v. Barnhart,* 400 F.3d 676, 682 (9th Cir.2005).

Finally, the hypothetical the ALJ presented to the vocational expert was sufficient because it set forth all of Hoffman's limitations. Therefore, the ALJ could rely on the vocational expert's testimony and his determination that Hoffman could perform past relevant work was proper. *See Osenbrock v. Apfel,* 240 F.3d 1157, 1163–65 (9th Cir.2001).

**AFFIRMED.**